**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL L. TRAVIS, | ) | CASE NO. 4:15CV2515 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

    This matter comes before the Court upon Plaintiff's Objections (ECF DKT #22) to the Report and Recommendation (ECF DKT #21) of Magistrate Judge Kathleen B. Burke, who recommends that the Court affirm the Commissioner's decision denying Plaintiff's Claim for Supplemental Security Income ("SSI") pursuant to 42 U.S.C. §405(g). For the following reasons, the Court ADOPTS Magistrate Judge Burke's Report and Recommendation and AFFIRMS the Commissioner's denial of Plaintiff's Claims.

## BACKGROUND

    The following is a factual synopsis of Plaintiff's claims. The Magistrate Judge's Report and Recommendation provides a more complete and detailed discussion of the

1

facts. For a complete overview of Plaintiff's medical history, see Magistrate Judge Burke's Report and Recommendation, which refers to the original Complaint and incorporates all documents in relation to the dispute.

On May 22, 2014, the Administrative Law Judge ("ALJ") issued a decision finding Plaintiff not disabled within the meaning of the Social Security Act since March 22, 2012, the date the Application was filed. Plaintiff requested review of the ALJ's decision by the Appeals Council. On October 2, 2015, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

On December 4, 2015, Petitioner filed a Complaint in this Court seeking judicial review. Also, in December 2015, Plaintiff filed a subsequent SSI application. On February 9, 2016, the Court granted Defendant's unopposed Motion to Remand the case for further administrative action because the recording of the hearing before the ALJ was blank and unrecoverable. The Appeals Council then issued an order vacating the final decision of the Commissioner, remanding the case to an ALJ for a de novo hearing, and directing the ALJ to consolidate the claims.

On October 16, 2016, the ALJ conducted a hearing. On December 9, 2016, the ALJ issued his decision finding that Plaintiff had not been under a disability within the meaning of the Social Security Act since March 22, 2012, the date the application was filed. The ALJ's December 9, 2016, decision became the final decision of the Commissioner. A Motion to Reinstate Case was filed by the Defendant, granted by the Court, and the case was referred to the Magistrate Judge.

On May 9, 2018, the Magistrate Judge issued her Report and Recommendation. On May 23, 2018, Plaintiff filed his Objections to Magistrate Judge Report and Recommendation. On June 6, 2018, Defendant filed a Response to Plaintiff's Objections.

## STANDARD OF REVIEW

A district court's review of a final administrative decision of the Commissioner made by an ALJ in a Social Security action is not *de novo*. *Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010) report adopted by 2011 WL 233697 (N.D. Ohio 2011). Rather, a district court is limited to examining the entire administrative record to determine if the ALJ applied the correct legal standards in reaching his decision and if there is substantial evidence in the record to support his findings. *Id. (citing Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005)). "Substantial evidence" is evidence that a reasonable mind would accept to support a conclusion. *Id. (See Richardson v. Perales*, 91 S. Ct. 1420, 1427 (1971)).

## LAW AND ANALYSIS

Under the Act, 42 U.S.C. § 423(a), eligibility for benefit payments depends on the existence of a disability. "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a).

In making a determination as to disability under this definition, an ALJ is required to follow a five-step sequential analysis set out in agency regulations:

1. If the claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity, is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If the impairment does not meet or equal a listed impairment, the ALJ must assess the claimant's residual functional capacity and use it to determine if claimant's impairment prevents him from doing past relevant work. If claimant's impairment does not prevent him from doing his past relevant

3

> work, he is not disabled.
>
> 5. If claimant is unable to perform past relevant work, he is not disabled if, based on his vocational factors and residual functional capacity, he is capable of performing other work that exists in significant numbers in the national economy.

20 C.R.F. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).

Under this sequential analysis, the claimant has the burden of proof at Steps One through Four*. Walters v. Comm'r of Soc. Sec.* 127 F.3d 525, 529 (6th Cir. 1997). The burden shifts to the Commissioner at Step Five to produce evidence that establishes whether the claimant has the residual functional capacity ("RFC") and vocational factors to perform work available in the national economy. *Id.*

Plaintiff's argument focuses on the ALJ's Step Three finding. Plaintiff contends that the ALJ did not properly weigh the opinion of his treating psychiatrist or the consultative examining psychologist and therefore erred when he concluded that Plaintiff's mental impairments did not meet or equal Listing 12.04 (affective disorders).

The Magistrate Judge found that the ALJ's decision properly considered all the medical evidence and Plaintiff's impairments. At Step Three of the disability evaluation process, a claimant will be found disabled if his impairment(s) meets or equals one of the listings in the Listing of Impairments. 20 C.F.R. § 416.920(a)(4)(iii). The claimant bears the burden of establishing that his condition meets or equals a Listing. *Thacker v. SSA*, 93 Fed. Appx. 725, 727-728 (6th Cir. 2004) (citing *Buress v. Sec'y of Health and Human Serv's.*, 835 F.2d 139, 140 (6th Cir. 1987)).

The ALJ determined that in activities of daily living, social functioning, concentration, persistence or pace, Plaintiff had no more than moderate limitations. The ALJ considered the evidence and Plaintiff's testimony that detailed his ability to care for his personal hygiene and help his mother and grandmother around the house. The ALJ considered that Plaintiff uses a smart phone and computer, shops once a month, watches television and behaves in a socially appropriate manner. The ALJ considered the

4

opinions of the treating physician and consultative examiner and provided a thorough discussion of their opinions, but concluded that their opinions were entitled to little weight.

Under the treating physician rule, "[t]reating source opinions must be given 'controlling weight' if two conditions are met: (1) the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques'; and (2) the opinion 'is not inconsistent with the other substantial evidence in [the] case record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527(c)(2));  see also *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

However, in this case the Magistrate Judge points out that the ALJ found the opinions of the two sources in question did not provide any detailed explanation as to why Plaintiff was so limited in his functioning. The ALJ found that the opinions were provided in a checklist form and were inconsistent with the medication management records. The ALJ also found that Plaintiff's limitations were based on Plaintiff's own subjective complaints. The opinions provided no comments or quantifiable limitations.

If an ALJ decides to give a treating source's opinion less than controlling weight, he must give "good reasons" for doing so that are sufficiently specific to make clear to any subsequent reviewers the weight given to the treating physician's opinion and the reasons for that weight. *Gayheart*, *supra*. In deciding the weight to be given, the ALJ must consider factors such as (1) the length of the treatment relationship and the frequency of the examination, (2) the nature and extent of the treatment relationship, (3) the supportability of the opinion, (4) the consistency of the opinion with the record as a whole, (5) the specialization of the source, and (6) any other factors that tend to support or contradict the opinion. *Bowen v. Comm'r of Soc Sec.*, 478 F.3d 742, 747 (6th Cir. 2007); 20 C.F.R. § 416.927(c).

The Magistrate Judge determined that Plaintiff has not shown that the ALJ failed to

consider evidence. And, while Plaintiff disagrees with the ALJ's assessment of the evidence, it is not for this Court to "try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 387 (6th Cir. 1984). The Court agrees with the Magistrate Judge that the ALJ properly considered and weighed the evidence, including the medical opinion evidence and that he properly determined that Plaintiff did not meet or medically equal the criteria for Listing 12.05(C).

## CONCLUSION

Based upon the foregoing analysis, the Court finds that Plaintiff's Objections are without merit and the Commissioner's decision denying Plaintiff's Application for Supplemental Security Income is supported by substantial evidence. Therefore, the Magistrate Judge's Report and Recommendation (ECF DKT #21) is ADOPTED and the Commissioner's denial of Plaintiff's Claim is AFFIRMED.

**IT IS SO ORDERED.**
**DATE: 7/17/18**

      *s/Christopher A. Boyko*
      **CHRISTOPHER A. BOYKO**
      **United States District Judge**